■ In the Matter of HENTLYN DAVID, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents.—Judgment, Supreme Court, Bronx County (Hansel McGee, J.), entered November 27, 1989, which denied and dismissed the petition challenging a determination of the respondent New York City Housing Authority, unanimously reversed, on the law, without costs or disbursements, and the matter remanded to the New York City Housing Authority for further proceedings not inconsistent herewith.

The petitioner, a section 8 tenant *(see,* 42 USC § 1437f), allegedly never received a notice sent by ordinary mail that her share of the monthly rental payment had been increased. At a hearing before the respondent Housing Authority, which administers the section 8 program in New York City, the Hearing Officer declined to make factual findings as to service of the notice, since petitioner did not contest the calculation of the rent increase. Petitioner's contention has always been that the failure to notify her of the increase in her share of the rent has resulted in actual prejudice, since she was not billed for the increase share by the respondent landlord until some 10 months after the increase became effective, when the accrued delinquency was beyond her means to pay.

The agency should have determined the factual issue of service. If the tenant was not in fact served with the notice of rent adjustment, the agency should have determined, under the applicable regulations, whether the rent adjustment must be set aside as a result of the procedural irregularity. Pending this factual determination, and clarification of the agency's determination, the respondent landlord is stayed from commencing or otherwise prosecuting any proceeding to recover possession of the premises. Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.